UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL OWEN LAHM,

      Plaintiff,

v.                                                    Case No. 8:23-cv-02887-AAS

G.C.I. PRINTING SERVICES, INC.,
CHRISTOPHER JOHN LATVALA,
and WOODROW JOHN LATVALA,

      Defendants.

_____/

## ORDER

On February 22, 2024, the undersigned held a case management conference and entered a case management and scheduling order based on the parties agreed upon case management deadlines. (*See* Docs. 36, 28). The discovery deadline was June 28, 2024. (Doc. 36, p. 1). Both parties were represented at the conference, and no motions for extension or other substantive filings occurred after such time.

Now, over two months after the discovery deadline (and almost a month after the dispositive motion deadline), Plaintiff Daniel Owen Lahm moves for an order compelling Defendants G.C.I. Printing Services, Inc., Christopher John Latvala, and Woodrow John Latvala (collectively, the defendants) to respond to Mr. Lahm's outstanding discovery requests. (Doc. 40). Mr. Lahm

1

failed to file a motion for an extension of the discovery deadline or any justification for this belated motion other than his belief that the defendants' outstanding discovery responses would be forthcoming.

While parties may conduct discovery after the court's deadline, "they cannot expect the court to resolve their post-deadline discovery disputes." *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, No. 8:17-CV-190-T-23MAP, 2018 WL 8545873, *2 (M.D. Fla. June 12, 2018). Thus, Mr. Lahm's motion to compel is due to be denied. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (citing *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)); *see also* Middle District Discovery (2021) (I)(F) ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date."). Although the court denies the untimely motion on procedural grounds, this order should not be construed as a ruling on the substantive merits of the requests in the motion.

Accordingly, Ms. Lahm's motion to compel (Doc. 40) is **DENIED**.

**ORDERED** in Tampa, Florida on August 30, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3